981 So.2d 42 (2008)
Blaine AUSTIN
v.
DEPARTMENT OF POLICE.
No. 2007-CA-1261.
Court of Appeal of Louisiana, Fourth Circuit.
March 5, 2008.
*43 Frank G. DeSalvo, DeSalvo DeSalvo & Blackburn, APLC, New Orleans, LA, for Plaintiff/Appellee.
Victor L. Papai, Jr., Assistant City Attorney, Joseph V. DiRosa, Jr., Chief Deputy City Attorney, Penya Moses-Fields, City Attorney, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge JAMES F. McKAY III, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO JR.).
EDWIN A. LOMBARD, Judge.
In this appeal, the defendant/appellant, the Department of Police for the City of New Orleans ("the NOPD"), seeks review of a decision by the New Orleans Civil Service Commission ("CSC") overturning the demotion and suspension imposed by the NOPD with regard to a neglect of duty charge against Blaine Austin, the plaintiff/appellee, and ordering the NOPD to return him to his rank of lieutenant with all lost pay and emoluments of employment related to the demotion and temporary suspension related to the neglect of duty charge. After review of the record in light of the applicable law and arguments of the parties, the decision of the CSC is affirmed.
Relevant Facts and Procedural History
In the early morning hours of May 21, 2005, the plaintiff/appellee, Lieutenant Blaine Austin of the NOPD, was the supervising officer on duty at the 7th district police station when a suspect escaped into the park next to the police station. Although the suspect was apprehended shortly after his escape, Lieutenant Austin was charged with neglect of duty for his purported failure to properly supervise his subordinates at the time of the incident:
You were in the station at that time and failed to act as a supervisor by not properly accessing [sic] the incident that occurred in the station. After the prisoner escaped, you did not take the necessary actions to conduct a proper search for the subject. You failed to notify the dispatcher of the escape or to provide a description of the subject. You also gave your platoon a Signal 10-19 (return to station) order at 6:30 a.m. ending their tour of duty, and failing to utilize manpower that was available to assist in the search.
Lieutenant Austin was also charged with failure to follow instructions concerning inadequacies in the initial police report and approving an inadequate supplemental report. Pertinent to the appeal before us, Lieutenant Austin was demoted to sergeant and suspended for fifteen days based on the neglect of duty charge.
After Lieutenant Austin filed an appeal with the CSC, a hearing was held on April 5, 2006, September 28, 2006, and October 19, 2006, which resulted in the CSC granting his appeal on the neglect of duty charge and ordering the NOPD to reinstate Lieutenant Austin with all lost pay resulting from the demotion and to return the fifteen days of back pay and all emoluments of employment. The CSC denied Lieutenant Austin's appeal with regard to the charges arising out of the police reports on the incident and he does not appeal that ruling.[1]
*44 Applicable Law
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for just cause expressed in writing. La. Const, art X, § 8; Walters v. Dept. of Police of New Orleans, 454 So.2d 106, 112-113 (La. 1984). The employee may appeal from such disciplinary action to the CSC which has a duty to independently decide from the facts presented whether the appointing authority (the employer) had good or lawful cause for taking the disciplinary action and, if so, whether the punishment imposed was commensurate with the dereliction. Walters, 454 So.2d at 113. Legal cause for disciplinary action exists when an employee's conduct impairs the efficiency of the public service in which that employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4 Cir. 1990). The burden of proof is on the appointing authority, Cittadino, 558 So.2d at 1315, and the failure to sustain this burden constitutes a legal basis for a change in the disciplinary action. Fihlman v. New Orleans Police Department, 00-2360, p. 5 (La.App. 4 Cir. 10/31/01), 797 So.2d 783, 787.
In reviewing the CSC's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this court should not modify the CSC's order unless it is arbitrary, capricious, or characterized by an abuse of discretion. Walters, 454 So.2d at 114. "Arbitrary or capricious" means that there is no rational basis for the action taken by the CSC. Bannister v. Department of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647.
Discussion
The issue on appeal is whether a rational basis supports the CSC decision to overturn the disciplinary action imposed by the NOPD in this case. The following testimony was adduced at the hearing. After 6 a.m. on the morning of the incident, Lieutenant Austin was returning to the station (in preparation for the 7 a.m. shift change) and heard the dispatcher's report pertaining to a nude man and, shortly thereafter, the report that two of his subordinates (Field Training officer Carey Dykes and trainee Officer Keisha Reed) apprehended the man and took him to the police station. Upon his subsequent arrival, Lieutenant Austin observed Officers Dykes and Reed, along with another veteran officer, in the station house with a nude man in apparent custody. Lieutenant Austin went into his office to complete the requisite administrative paperwork pertaining to the shift change and, shortly thereafter, Sergeant Cyrill Davillier informed him that the nude man was missing. Accordingly, after a brief search of the station house, Lieutenant Austin instructed Officer Dykes to apply for an arrest warrant while Sergeant Davillier alerted the incoming shift (whose officers reported at 6:25 a.m.) about the missing man. Before the arrest warrant application was completed, however, the man was apprehended in the park next to the station.
Sergeant Davillier testified that when he arrived at the station house for the morning shift he noticed the nude man sitting in a chair but continued into his office to get ready for roll call. When he returned to the front of the station for a subpoena book, he noticed that the man was missing and while en route to Lieutenant Austin's office to inform him, told Officer Dykes "we'll take a quick look around the station, I'll get my guys in, and we'll go look for him." After a quick roll call, officers on the morning shift proceeded to the park next to the station and quickly apprehended the man.
*45 Lieutenant Carl Perrilloux, an administrative investigating officer, testified on behalf of the NOPD that Lieutenant Austin (1) failed to request more information as he returned to the police station to properly assess the situation unfolding at the station house; (2) failed to supervise his employees upon his return to the station house; and (3) failed to deploy his officers in search of the man, call the dispatcher, or make any radio communications concerning the escape after being advised of the prisoner's escape.
Based on the evidence, the CSC granted Lieutenant Austin's appeal with regard to the neglect of duty charge, finding that the NOPD failed to establish by a preponderance of the evidence that Lieutenant Austin neglected his duty. Specifically, the CSC found that (1) the negligence of his subordinates cannot be imputed to Lieutenant Austin; (2) the evidence does not support a finding that he failed to take the necessary actions to conduct a proper search for the subject; and (3) he coordinated the search effort with the supervisor of the First Platoon which ultimately resulted in finding the missing subject in Joe Brown Park.
The NOPD appeals, arguing that the conclusion of the CSC is manifestly erroneous because Lieutenant Perrilloux established legal cause for the discipline imposed. We disagree. Lieutenant Perrilloux's testimony establishes that alternative actions may have been available to Lieutenant Austin as the events of the morning unfolded but does not establish neglect of duty on the part of Lieutenant Austin. While en route to the police station, Lieutenant Austin heard the dispatched reports of the nude man and the quick apprehension of the man by his subordinates; he arrived at the police station to see the man in the apparent custody of three police officers; he acted in coordination with the supervisor of the incoming shift to quickly apprehend the nude man. Under these circumstances, we cannot find that the decision of the CSC to grant Lieutenant Austin's appeal is manifestly erroneous.
Conclusion
The decision of the CSC is affirmed.
AFFIRMED.
NOTES
[1] Lieutenant Austin received two 3-day suspensions for the other charges and the CSC affirmed those penalties.